## Case No. 10,284a.

### NOE v. PRENTICE et al.

[4 Betts, C. C. MS. 34.]

Circuit Court, E. D. New York. Feb. 22, 1845.

PATENTS FOR INVENTIONS—PLEADING—QUESTIONS RAISED BY DEMURRER — IMPROVEMENT IN MAKING HATS—SPECIFICATION—PLEADING—VENUE.

[1. In an action for damages for infringement of a patent for an improvement in the process of manufacture of hats and bonnets from braid, the claim being for such improvement "in sewing the edges together with horsehair," the question of the patentability of the use of horsehair for that purpose cannot be raised on demurrer to a declaration setting out such patent and claim, since the claim may comprehend as well the process of manufacture by uniting the edges of the braid as the doing it with that particular material.]

[2. A declaration in an action for infringement of a patent is not demurrable because ambiguous in setting out a claim which may be construed to include one or both of two inventions, if there is nothing in the pleadings to show that the patentee is not entitled to claim both.]

[3. An improvement in the process of manufacturing hats or bonnets from horsehair braid, by which the manufacture is rendered light, beautiful, durable, and easy to be cleaned or altered. is a patentable invention.]

[4. It is not necessary that the specification of a patent for an improvement in the manufacture of hats or bonnets, applicable to all forms and sizes thereof, should describe the construction of the original hat or bonnet.]

[5. An averment that letters patent were issued to the patentee under the seal of the patent office of the United States, and signed by the secretary of state and countersigned by the commissioner of patents, is sufficient, without averring that such letters patent were issued in the name of the United States, or that they were recorded, together with the specifications.]

[6. It is not necessary, in an action for infringement of a patent, for the plaintiff to negative, in his declaration, the public use of the invention, or that the manufacture was on sale with the patentee's consent.].

[7. A declaration, in an action for infringement of a patent, which avers only that the defendant "put on sale and offered for sale and sold or contracted to sell" the patented articles, while the only acts forbidden by the statute are making, using, and selling such articles, is bad, on demurrer, since it does not positively allege any violation of the statute.]

[8. Where, in a local action, two out of three counts in the declaration duly laid a proper venue, and from the matter of the third count it appeared that the acts complained of must have been committed in the same place, held, on demurrer for want of venue, that the venue of the margin would be considered that of the third count.]

[This was a bill in equity by Charles L. Noe against John H. Prentice and Archibold L. Finn for an injunction to restrain the infringement of a patent. Heard on demurrer.]

BETTS, District Judge. When this cause was before the court on a motion for an injunction, a strong intimation was expressed that, upon the facts appearing on the depositions and the specification construed in connection with those facts, the patent could not be upheld, but a final decision was deferred on the point until a trial should be had at law, or the cause be brought to hearing on pleadings and proofs. [Case No. 10,-284.]

An action was immediately thereafter instituted at law, and the defendants demurred to the declaration, suggesting various insufficiencies in its frame, but designing thereby, probably, more especially to bring to decision the question of whether the subject-matter claimed to have been invented or discovered is patentable. But this end cannot be reached by this demurrer. Neither the specification nor the declaration place the plaintiff's right on the particular discovery the defendants suppose their claim limited to,—that is, to sewing the edges of the braid together with horsehair,—and then the summary or claim is, "in sewing the edges together with horsehair." It is manifest that this claim, in its terms, may comprehend as well the manufacture in uniting the edges of braid as the method of doing it with the particular material horsehair. It is not, then, purely a question of law for the decision of the court, on the face of the patent, but there is involved in it the matter of fact whether the mode of manufacture by uniting the edges of braid is new and useful. Nor can an objection lie that a claim thus possibly double in its operation is ambiguous, and therefore faulty and invalid, because nothing is disclosed by the pleadings showing that the patentee is not entitled to claim both methods.

THE COURT is instructed by the proceedings in the equity cause that such is not the fact, but the knowledge cannot be invoked to help the demurrer, nor does the evidence received on the hearing preclude the plaintiff proving on the trial of this cause that he is truly the inventor of both particulars. Nor, if the testimony on trial should show that the plaintiff can set up no discovery to that part of the manufacture consisting in connecting the edges of braid, does it necessarily follow that the court would rule the specification ambiguous, because then the limited meaning of the claim, of which the language is susceptible, might, in view of the facts in proof, be held to be its true import and interpretation. This, however, is unessential, because there is now before the court on the pleadings nothing to show that the plaintiff's claim ought to be restricted to the use of horsehair as the sewing material, or that it is broader than his discovery if it also embraces the uniting the braid by its edges. It must accordingly be left to the construction of the court on the specification, in connection with the facts to be proved, and may result in instructions to the jury directly adverse to the validity of the patent if they find the plaintiff is not the inventor of the uniting of edges of braid together by

sewing; yet such instruction would not be merely matter of law, depending on the construction of the specification, but would be blended with a supposed state of facts, and it cannot, accordingly, be anticipated here, so as to affect the decision of the point raised by the demurrer.

Another objection to the validity of the patent is that it does not set forth the invention of any new or useful art, machine, manufacture, or composition of matter, or any new or useful improvement thereon. I can perceive no foundation for this objection. A hat or bonnet is unquestionably a manufacture. It is something made by the hands of man. 8 Durn. & E. [8 Term R.] 99. The specification alleges that the article is manufactured of horsehair braided by machinery, and claims for the plaintiff a new and useful improvement in the process of manufacturing, in uniting the edges of such braid by sewing with horsehair, thus, as asserted, rendering the manufacture light, beautiful, durable, and easy to be cleaned and altered. These are all unquestionably patenable, either original or by way of improvement. Gods. Pat. 58, 74; Phil. Pat. 78, 116; Act Cong. 1836, § 6 [5 Stat. 117]. The assertion of novelty and utility and invention is broad enough on the part of the plaintiff, and it is matter of evidence, not of law, to determine whether the averments are true.

Another ground of general demurrer is that the specification does not describe the construction of the original hat or bonnet, so that the nature or value of the alleged improvement cannot be known or ascertained. The rule applicable to specifications for improvements is that things in use and well known need not be specifically described (Phil. Pat. 238); and it is not a question of law, but solely of fact, whether by the reference to ladies' or gentlemen's hats or caps a known article of manufacture is designated. The improvement is not limited to any particular form or dimension of hats or caps, but is to be applied in every construction of those articles, whatever may be their fashion or color. No aid is accordingly afforded to the clear understanding of the patented improvement by a description of the forms of hats to which it may be applied. From the nature of the case this would lead to the specification of every possible variation of form to which the article is susceptible, and render a schedule oppressively prolix, without aiding in the slightest manner the clearer understanding of the subject. It may also be remarked in this place that the criticism that in the specification and declaration the words are sometimes used in the collective, "hats or caps," thereby leading to uncertainty and ambiguity, cannot, at all events, avail on demurrer, for it is not matter of law, but of evidence, whether "hats and caps" of this kind of manufacture are things different or the same. For aught the court can know ju-

dicially, both appellations would be appropriate to either article, and, in common use, may be applied indifferently.

Most of the other exceptions to the declaration are strictly and severely matters of form; in most instances, if they succeed, compelling corrections of the pleadings in a way not to vary or introduce any substantial averment on which the plaintiff's right rests, or afford any new issue or better ground of defence to the defendants. The defendants can accordingly have no advantage of such technicalities, if faulty on the part of the plaintiff, except in so far as the same are set down and expresssed as causes of demurrer [2 Bior. & D. Laws] p. 70, § 32 [1 Stat. 91]. Such, for instance, are the first, fourth, fifth, and twelfth points made by the defendants. Other objections, either specifically pointed out by the demurrer or supposed to be maintainable under the general demurrer, are to the first count, that it is not alleged that the patent was issued in the name of the United States or was recorded together with the specification and that the declaration does not negative the public use of the discovery, or that the manufacture was on sale with the consent or allowance of the plaintiff, at the time of his application for the patent. The averment is that letters patent were issued to Noe in due form of law under the seal of the patent office of the United States signed by the secretary of state and countersigned by the commissioner of patents, whereby is secured to the patentee, &c.

It is never requisite to state in pleading an intendment of law. 1 Chit. Pl. 226. The law will always presume that public functionaries, especially of a high grade, execute their duties in conformity to law, and, when an official act within their competency to do is averred to have been performed by them, it will be presumed to have been rightfully done. [Cutting v. Myers, Case No. 3,520]; [Philadelphia & T. R. R. Co. v. Stimpson] 14 Pet. [39 U. S.] 458, 459. The 5th section of the act of 1836 directs that the patent shall be issued in the name of the United States, and shall be recorded, together with specifications, &c. An averment that a patent was issued implies that the prerequisites of the law were first all complied with, and it is unnecessary to allege them specifically, and this rule would excuse averring the nonexistence of things at the time which might prevent the issuing of the patent. But, as a general rule of pleading, it is unnecessary for a plaintiff to negative in his declaration those matters which bar his action. They are parts of the defendant's case, and it belongs to him to state them. 1 Chit. Pl. 228. The exceptions to this rule will be found on examination not to affect the principle governing cases of this character. I accordingly consider the first count of the declaration sufficient in law, and that the demurrer thereto must be overruled.

The demurrer to the second count I think well taken, although it turns solely upon the use of a disjunction, instead of a conjunction, of the pleading. The declaration charges the infringement to be that the defendants "put on sale and offered for sale and sold or contracted to sell" 500 hats or bonnets, &c. Under the 14th section of the act, an action lies for damages for making, using, or selling the patented invention. No other of the acts charged in this count is an infringement of the patent right, except that of selling the articles, and that is not averred to have been done. The defendants are charged to have sold or contracted to sell. If the averment had been that the defendants sold and contracted to sell, the count would have been good, although the latter particular was badly pleaded, because there was a right of action positively set forth in respect to the other particular. 2 Saund. Pl. & Ev. 379; 1 Saund. Pl. & Ev. 430. And the same rule would be applicable if both branches of the alternative allegations had been infringements, as if the declaration charged that the defendant sold or used the plaintiff's invention, for both would be material and traversable facts. At most, as either would afford a ground of action, it would only be cause for special demurrer that the declaration did not discriminate with certainty which offence had been committed.

The third count is demurred to for want of a venue. It alleges the infringement by the defendants, without specifying any place where it was committed. Such place must appear on the face of the declaration in local actions, or it will be good ground of demurrer or nonsuit at trial. 6 Com. Dig. tit. "Pleader," 20; 1 Chit. Pl. 279. The omission in this case was palpably a mere clerical mistake, as in both the preceding counts the charge is direct that the violation was committed within the district; and, the right of action of the assignee, the assignment being for this place only, being local, it is not to be supposed the pleader had in view any infringement committed out of the district. Had the reference been to the district or place aforesaid, then it is admitted that upon the authorities the venue in the margin shall be regarded as that of the count, when none is laid in the latter, even though no reference is made to the margin. 9 Johns. 81; 3 Hen. & M. 312; 8 Bing. 355; 1 Maule & S. 508, C. P.

I shall, upon the strength of these authorities, overrule the demurrer to the third count also.

Costs are to be apportioned, the defendants recovering costs on their demurrer to the second count and the plaintiff recovering his costs against the defendants on the demurrer to the other two counts.